[Cite as *Wilson v. Pickaway Corr. Inst.*, 2011-Ohio-3954.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NEKUMA WILSON

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-12028-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} On July 24, 2010, plaintiff, Nekuma Wilson, an inmate incarcerated at defendant, Pickaway Correctional Institution (PCI), was transferred to an outside hospital for medical treatment. Plaintiff's personal property was inventoried, packed, and delivered into the custody of PCI staff incident to this transfer.

{¶ 2} Plaintiff asserted that he was not permitted to retrieve his property until he was released from segregation[1] on August 18, 2010, at which time plaintiff claimed that most of his personal property was missing. Specifically, plaintiff alleged that the following items were missing from the property items returned to him: commissary and food box items, Sony CD player, Sony tape player, K-TV, Koss headphones, Norelco beard trimmers, and other nonspecific items. Plaintiff also claimed that a pair of Nike running shoes was taken from him prior to his transfer to the hospital and subsequently lost by PCI staff. Plaintiff suggested that the bulk of his missing property was stolen at sometime after he was transferred and before the property was packed by a Corrections

---

[1] Apparently plaintiff was placed in segregation upon his return to the institution from the hospital.

Officer (CO).

{¶ 3}   Plaintiff insisted that his property was locked in his locker box and that his TV was intact and on his TV stand prior to his transfer. Plaintiff stated that the CO delayed in packing his property for almost five hours and that such delay constituted negligence by PCI staff. Plaintiff pointed out that he immediately reported the theft to PCI personnel.

{¶ 4}   Plaintiff filed this complaint seeking to recover damages totaling $865.10, the stated replacement cost of all lost or stolen property.  Plaintiff contended that his property was stolen as a proximate result of negligence on the part of defendant in failing to provide adequate protection and security.  The $25.00 filing fee was paid.

{¶ 5}   Defendant argued that plaintiff has failed to establish his property was stolen as a proximate cause of any negligent act or omission on the part of PCI personnel.  Defendant asserted that plaintiff's property was moved by CO Boyd to a secure location under defendant's supervision once notice of the transfer was received. The property was later inventoried, packed, and placed in storage.  In addition, defendant contended that plaintiff's locker box was found unlocked at the time of transfer and that when asked about this at the time he was released from segregation, plaintiff informed Lieutenant Detty that he did not have a lock to secure his property. Accordingly, defendant denied any liability  for the loss of plaintiff's property. Defendant contended that any duty to protect plaintiff's property was discharged when plaintiff was supplied with a locker box to secure his property. Defendant asserted plaintiff's property was in all likelihood stolen by other inmates due to plaintiff's failure to secure his locker box with a lock.

{¶ 6}   Plaintiff filed a response essentially reiterating the allegations contained in his complaint. Plaintiff insisted that his locker box was locked and that defendant was negligent in failing to protect his property.

## CONCLUSIONS OF LAW

{¶ 7}   This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 8}   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.

*Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 9}** Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 10}** Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** Plaintiff's failure to prove delivery of his claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

**{¶ 12}** Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068.

**{¶ 13}** In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 14}** "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; and *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 15}** The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show that defendant breached a duty of ordinary or reasonable care. *Williams.*

**{¶ 16}** Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v.*

*Southern Ohio Correctional Facility* (1978), 78-0217-AD.

**{¶ 17}** The fact that defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

**{¶ 18}** The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff are not particularly persuasive.

**{¶ 19}** Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

**{¶ 20}** However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. In the instant case, the bulk of plaintiff's property items claimed were indistinguishable and, therefore, no duty to search arose.

**{¶ 21}** Plaintiff has failed to prove, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable or indistinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. Plaintiff has failed to prove defendant delayed in conducting any search or conducted an inadequate search.

**{¶ 22}** Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

**{¶ 23}** In the instant claim, plaintiff has failed to prove any delay in packing his property resulted in any property theft. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Knowlton v. Noble Corr. Inst.,* Ct. of Cl. No. 2005-06678-AD,

2005-Ohio-4328.

{¶ 24} Plaintiff has failed to prove, by a preponderance of the evidence, that any of his property was stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NEKUMA WILSON

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-12028-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Nekuma Wilson, #577-592
P.O. Box 209
Orient, Ohio  43146

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
4/7
Filed 4/27/11

Sent to S.C. reporter 8/10/11